Grander, C. J.
The record shows a clear title in Mary Thomason, and the plaintiffs must recover unless she is estopped by her own deed to her mother, or by her sister’s deed to Johnson.
' Less than forty days after she became of age, she conveyed to her mother a lot in a growing and prosperous city, having a street front of almost one hundred and fifty feet and a depth almost equally great, for the small sum of one hundred dollars. As Mary was an infant when her father died, the grantee in this deed was the parent who had controlled her childhood and youth. In favor of such a grantee the recital referring to Chesnut street will not be permitted to estop such a grantor, without proof that the latter used that recital with knowledge of her title to the ground covered by the street, and of all the material facts bearing thereon. We do not say that even then such a recital would have any effect as an estoppel.
Ann’s deed to Johnson conveyed to him no interest or estate in any of the land in controversy. Equitably, as some courts of repute have held, Ann would be estopped from preventing the use of the street by Johnson and his grantees. But it is well settled that Ann’s deed cannot, in any way, lessen Mary’s rights as a co-heir. As Mary owned as heir of her father one-half of every inch of the ground, the land cannot be used as a street without confiscating Mary’s undivided half of the land.
Estoppels of this kind are based upon equitable considerations. But no equity against Ann can be used to destroy Mary’s inherited estate. Hence, when the court, whose aid *69 is sought to enforce the estoppel, discovers that it is impossible to sustain it without, at the same time, depriving Mary of her clear legal rights, it finds itself without power to grant the aid sought for.
We think Mary did not lessen her rights by accepting a quit claim deed from Ann. That occurred long after the city had completed its expenditures on the street, and after Johnson and his grantees had built upon their lots. If Ann had conveyed to Johnson by metes and bounds a part of the ground within the street, her deed would have vested him with a title to the undivided half of the parcel so conveyed ; the courts holding, rightly, that in such a case no right of Mary would be affected. But an examination of the cases will show that conveyances by one owner of an undivided interest are upheld only so far as they do not injuriously affect the rights of the holders of the other undivided shares. Certainly an estoppel cannot accomplish what a deed could not do.
It is claimed, by the city, that great inconvenience to the public, and to the dwellers on the Johnson lots, will be caused by a judgment restoring to the plaintiffs possession of the ground, and that, therefore, no such judgment should be rendered. This fact does not constitute a defense to Mary’s legal claim. If it possesses any available merit, it could do no more than support an application, properly made, asking the court to delay execution. But, of course, in such case, the applicant must offer to do, without delay, everything that, on equitable principles, ought to be done to make full amends to Mary.
The judgment of the district court is reversed, and that of the superior court affirmed.